(Reap. Dec. 10876)

BRITISH CARS & PARTS, INC.
ROBERT L. LANDWEER & CO., INC. } *v*. UNITED STATES

Entry No. 295, etc.

(Decided January 6, 1965)

*Lawrence & Tuttle* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiffs herein and subject to approval of the Court as follows:

1. That this stipulation is limited to the items marked "A" and initialed JDM (Examiner's Initials) by Examiner J.D. MacFarlane (Examiner's Name) on the invoices covered by the appeals to reappraisement enumerated on Schedule "A," hereto attached and made a part hereof.

2. That the merchandise herein consists of automobiles exported from Canada similar in all material respects to the merchandise the subject of *John V. Carr & Sons* v. *United States*, R.D. 10442, wherein the Court held that the cost of production under Section 402(f), Tariff Act 1930, of automobiles manufactured in England, sold and shipped to a Canadian distributor, and then resold to a Canadian retailer who subsequently shipped the automobiles to an importer in the United States, excluded Canadian sales tax, Canadian excise tax, and the Canadian distributors mark-up.

3. That on or about the date of exportation from Canada of the automobiles involved herein such or similar merchandise was not freely offered for sale in the ordinary course of trade in the principal markets of the country of exportation either for home consumption or for exportation to the United States.

4. That on or about such date of exportation such or similar merchandise was not freely offered for sale to all purchasers in the ordinary course of trade for domestic consumption in the principal markets of the United States.

5. That the invoice unit values of the automobiles herein represent the Canadian sales price including a six percent markup of the Canadian distributor and that no Canadian excise tax or sales tax is included in the invoice unit prices.

6. That the cost of production of the automobiles herein as defined in Section 402(f) Tariff Act 1930, is equal to the invoice unit values marked in green ink less 5.661 percent.

7. That the Appeals to Reappraisement enumerated on schedule A, hereto attached and made a part hereof, may be submitted on this stipulation; same being limited to the merchandise and issues described herein and above and abandoned in all other respects.

On the agreed facts, I find and hold cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the invoiced unit values marked in green ink, less 5.661 per centum.

Judgment will issue accordingly.